IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ALPERN on behalf of himself, and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 92-0538-CV-W-DW |
| UTILICORP UNITED, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

The above-captioned class action (the "Action") was settled pursuant to the terms and conditions of the Stipulation and Agreement of Compromise and Settlement dated October 14, 1997 (the "Settlement Agreement"). On February 5, 1998, the Court entered the Final Judgment of Dismissal with Prejudice (the "Final Order") approving the Settlement Agreement and the settlement (the "Settlement") provided therein. Pursuant to paragraph 11 of the Final Order, the Court retained jurisdiction over the Action as to all matters related to administration and consummation of the Settlement. On February 29, 2000, the Court signed the Settlement Distribution Order (the "Distribution Order") providing for the distribution to Class members of the settlement fund established in the Action (the "Settlement Fund").

Class Counsel now applies to the Court for payment of fees and reimbursement of expenses of Class Counsel incurred solely in the supervision and administration of the Settlement from March 1, 1998 through November 15, 2006, as permitted by paragraphs 14(b) and 22 of the Settlement Agreement, which require that any amount "so awarded shall be payable solely from the Settlement Fund." Class Counsel also seeks permission to dispose of claim forms and other

materials, and authorization to make final disbursement of the remaining balance of the Settlement Fund.

Plaintiffs' counsel in the Action ("Class Counsel") and the claims administrator, The Garden City Group, Inc. ("GCG"), state that they have used all reasonable and diligent efforts to distribute the Settlement Fund to all Class members with valid proof of claims ("Authorized Claimants") as provided in the plan of allocation set forth in the Settlement Agreement and in the Distribution Order and have used reasonable and diligent efforts to contact those Authorized Claimants whose checks have been returned as undeliverable or remain uncashed.

There remains in the Settlement Fund approximately $34,942.00 that has not been distributed to the Authorized Claimants or otherwise paid in accordance with the Settlement Agreement, the Final Order and the Distribution Order. Taking into consideration the costs of processing, printing and mailing supplemental checks to Authorized Claimants who have cashed their checks, it would be uneconomical to equitably distribute the remaining balance of the Settlement Fund to such Authorized Claimants. Paragraph 15(d) of the Settlement Agreement provides that the remaining balance of the Settlement Fund, after payment of all fees and expenses approved by the Court, is to be returned to defendant UtiliCorp. United Inc., now Aquila, Inc.

Paragraphs 14(b) and 22 of the Settlement Agreement permit Class Counsel to apply to the Court for payment of all fees and expenses incurred solely in the supervision and administration of the Settlement. Class Counsel have not previously applied for fees or expenses beyond the $75,000 approved in the Court's February 24, 1998 Order Supplementing the Court's February 5, 1998, Order of Final Judgment of Dismissal with Prejudice and Award of Attorneys' Fees and Costs, which has been paid to GCG.

Therefore, upon the Affidavit of Mark C. Silverstein, Esq., of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and after due deliberation, it is hereby ORDERED that:

1. More than three (3) years having passed since the initial distributions to Authorized Claimants, Class Counsel and GCG are authorized to dispose of paper or hard copies, as well as electronic or magnetic media data, of claim forms and other materials in their possession or under their control relating to the Action and the distribution of the Settlement Fund.

2. Pursuant to paragraphs 14(b) and 22 of the Settlement Agreement, Wolf Haldenstein be paid from the Settlement Fund the sum of **$24,824.50** for legal fees and the sum of **$2,438.33** for expenses incurred solely in the supervision and administration of the Settlement from March 1, 1998 through November 15, 2006.

3. Wolf Haldenstein and Norris & Keplinger, L.L.C. be paid from the Settlement Fund the sum of **$1,200.00** for legal fees and expenses to be incurred in administration of the final disposition of the Settlement Fund in accordance with this Final Distribution Order and related matters, including filing income tax returns for 2006 and 2007.

4. The surplus remaining in the Settlement Fund after payment of the amounts specified in paragraphs 2 and 3 of this Order is to be returned to Aquila, Inc.

Date: December 28, 2006

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court